OPINION
{¶ 1} Defendant-appellant Dean A. Bagnola appeals the May 3, 2004 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division finding him in contempt of the court's prior orders, and further finding plaintiff-appellee Bridget F. Bagnola not in contempt.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were divorced on March 17, 2003. On December 18, 2003, appellee filed a motion requesting the trial court order appellant to sign documents, specifically, quitclaim deeds to two Florida condominiums. On January 7, 2004, appellee filed a motion for contempt against appellant, and a motion for the appointment of a special process server. The trial court issued an order to show cause on January 7, 2004, and set a hearing for January 26, 2004. The trial court appointed a special process server on January 16, 2004. Due to failure to obtain service upon appellant, the trial court continued the hearing until February 23, 2004.
 {¶ 3} On February 17, 2004, appellee filed a motion for accounting and to distribute assets. The trial court set the motion for hearing on February 23, 2004. On February 23, 2004, appellee filed a motion for order of garnishment of property other than personal earnings. Appellant was not served by the special process server until February 25, 2004.
 {¶ 4} The trial court continued the hearing until April 5, 2004.
 {¶ 5} On March 26, 2004, appellant filed a motion to show cause against appellee for failing to comply with the trial court's order.
 {¶ 6} The trial court held a hearing on the motions on May 3, 2004. The trial court found appellant in contempt of the March 17, 2003 order, and found appellee incurred attorney fees of $3,524 and associated costs of $1,068. The trial court sentenced appellant to 30 days in the Stark County Jail, and held appellant could purge the contempt findings by paying appellee $4,592 (the sum of appellee's attorney fees and associated costs) within seven days. The trial court further found appellee was not in contempt.
 {¶ 7} It is from the May 3, 2004 order of the trial court appellant now appeals raising the following assignments of error:
 {¶ 8} "I. The trial court abused its discretion in finding appellant in contempt of the court's order when at the time of the hearing, appellant was in compliance with the court's order.
 {¶ 9} "II. The trial court abused its discretion in not permitting appellant to appear before the court and purge himself of any alleged contempt by demonstrating compliance with the court's order.
 {¶ 10} "III. The trial court's finding of contempt was not supported by clear and convincing evidence.
 {¶ 11} "IV. The trial court abused its discretion in holding that appellant could only purge the contempt findings by paying the appellant the attorney fees and associated costs that appellee allegedly incurred with respect to filing the motion to show cause.
 {¶ 12} "V. The trial court abused its discretion and erred in determining the amount of attorney fees and associated costs that the trial court awarded to appellee without conducting an evidentiary hearing as to the reasonableness of the amount of said fees and costs.
 {¶ 13} "VI. The trial court abused its discretion in not finding appellee guilty of contempt of the court order when appellee failed to comply with paragraph 2(j) of the trial court's decision of march 17, 2003."
 I, II, III {¶ 14} Appellant's first, second and third assignments of error raise common and interrelated issues; therefore, we will address the assignments together. Appellant argues the trial court abused its discretion in finding appellant in contempt without conducting an evidentiary hearing to determine whether appellant failed to comply with the provisions of the March 17, 2003 Judgment Entry.
 {¶ 15} Appellant maintains an evidentiary hearing was requested, and denied by the trial court. Specifically, appellant relies upon the following exchanges during the May 3, 2004 hearing:
 {¶ 16} BY MR. LOMBARDI: "Your Honor, we're also asking for attorney's fees in the event Mr. Bagnola is found guilty of contempt, I have our bill for services just pertaining to the contempt and the various matters that we had to take care of because he didn't do what he was supposed to do, is $3,524.00. In addition to that we've had expenses of $1,086.00 and these expenses are directly related to having Mr. Bagnola served. He has — he intentionally and deliberately avoided service, we had to reschedule this matter three different times and we had process servers appointed in Cinncinnati [sic], process servers here, when they would get to where Mr. Bagnola was, he would leave, he would —
 {¶ 17} "BY MS. FLADEN: I'm going to object, Your Honor, Ican't allow this as hearsay and if you wanted to submit it asevidence, you're here on this, I would request at this point.
 {¶ 18} "BY THE COURT: Overruled."
* * *
 {¶ 19} BY MS. FLADEN: "Now, it's our position that we submitted to Miss Bagnola through her attorney a delineation of the amounts expended, I have that for the Court, you I'm sure Mr. Lombardi has it, but I'll give three copies submitted in a minute, but regardless even though that had been submitted to them in June, whereby we showed the application of payment including getting a credit that he received, that she should have gotten some for, he was still owed $228.99 of that, but regardless we have submitted an additional check to them for $5,697.00 as required by the Court, of course, again, that was after the filing of the motion to show cause, but we havedocumentation that we would be willing to submit in anevidentiary hearing or if you are asking for it today we are ableto go ahead with that, whereby we did comply with the Court order in a timely basis."
* * * {¶ 20} BY MS. FLADEN: "I would have thought that there would have been a stay to that, however, I think that the recordwould show if we had an evidentiary hearing that there was a lot of communications back and forth between Mr. Lombardi and Mr. Bagnola with regard to division of property and getting Mr. Bagnola's property out of there, and that, you know, we're prepared to do that, if he can do that, I myself again, being an attorney and handling things a little differently I try to have my clients when I represent them to go ahead and do their job as — even though if the other side is not doing their job, but our position is we've taken care of everything, but we haven't been taken care of."
* * *
 {¶ 21} "BY MR. LOMBARDI: Thank you. I don't want to belabor this, here's a pedestrian Gold Star card security (inaudible) process server on this case.
 {¶ 22} "BY MS. FLADEN: I guess I would object to this, Idon't have a chance to cross examine Gold Star." Tr. at 12-13, 18-19. (Emphasis added).
 {¶ 23} We disagree with appellant's assertion an evidentiary hearing was properly requested and denied. Rather, appellant failed to properly and specifically request and/or object to the trial court's finding of contempt without conducting an evidentiary hearing. Appellant's concerns relative to a hearing originated only with respect to expenses associated with the process server. Therefore, appellant's arguments are not well taken on appeal.
 {¶ 24} Further, appellant argues appellee's motion to show cause does not allege appellant failed to comply with the trial court's prior order regarding the transfer of the Florida condominiums. As a result, appellant asserts it was inappropriate for the trial court to make any finding of contempt with respect to the Florida real estate.
 {¶ 25} The trial court's May 3, 2004 Judgment Entry states:
 {¶ 26} "Deft. is found guilty of contempt due to failure to comply with court orders requiring transfer of property being Merrill Lynch Accounts (3), Florida condominium and Christiana's Trust Account within the time periods set forth in the Judgment Entry. * * *"
 {¶ 27} We agree with appellant's argument the trial court's finding appellant in contempt based upon his failure to comply with the prior order regarding the Florida condominium was improper as the Florida condo was not made a part of the motion to show cause. However, the trial court did not abuse its discretion in finding appellant guilty of contempt, as the court relied upon additional, separate findings with respect to the Merrill Lynch accounts and the trust account which separately supported the finding of contempt.
 {¶ 28} Appellant's first, second, and third assignments of error are overruled.
 IV, V {¶ 29} Appellant's fourth and fifth assignments of error raise common and interrelated issues; therefore, we will address the assignments together. Appellant maintains the trial court abused its discretion in providing appellant an opportunity to purge the finding of contempt by paying appellee's attorney fees and associated costs within seven days. Appellant asserts he should have been provided an opportunity to comply with the trial court's order prior to the court's awarding attorney fees and sanctions.
 {¶ 30} Further, appellant argues the trial court erred in awarding appellee attorney fees and associated costs without an evidentiary hearing to determine the reasonable amount of the same.
 {¶ 31} At the May 3, 2004 hearing in this matter, the following exchange took place:
 {¶ 32} "Your Honor, we're also asking for attorney's fees in the event Mr. Bagnola is found guilty of contempt, I have our bill for services just pertaining to the contempt and the various matters that we had to take care of because he didn't do what he was supposed to do, is $3,524.00. In addition to that we've had expenses of $1,086.00 and these expenses are directly related to having Mr. Bagnola served. He has — he intentionally and deliberately avoided service, we had to reschedule this matter three different times and we had process servers appointed in Cinncinnati [sic], process servers here, when they would get to where Mr. Bagnola was, he would leave, he would —
 {¶ 33} "BY MS. FLADEN: I'm going to object, Your Honor, I can't allow this as hearsay and if you wanted to submit it as evidence, you're here on this, I would request at this point.
 {¶ 34} "BY THE COURT: Overruled." Tr. at 7-8.
 {¶ 35} Upon review, appellant properly objected to the trial court's award of attorney fees and costs in favor of appellee without conducting a hearing to determine the reasonable value of the award.
 {¶ 36} The resolution of a request for attorney fees is vested in the sound discretion of the trial court and will not be overturned upon review absent a showing of an abuse of discretion. While the trial court has discretion in determining the amount of attorney fees, the court must base its decision on evidence showing the reasonableness of the time spent on the matter and the hourly rate. The trial court determined a hearing on the issue of attorney fees was not required, therefore, the record is devoid of any evidence with which the trial court could have made the determination as to whether the requested attorney fees were reasonable and necessary. Therefore, we hold that the trial court abused its discretion in awarding attorney fees and costs without an evidentiary hearing as requested by appellant as to the amount to be awarded.
 {¶ 37} However, we find the trial court's decision to award attorney fees was not an abuse of discretion. Appellant asserts he should have been afforded an opportunity to comply with the trial court's order prior to the award of attorney fees and sanctions. He further maintains, had he been afforded the opportunity, he would have been able to demonstrate the acts complained of by appellee in her motion for contempt had been performed prior to the hearing.
 {¶ 38} This court addressed this issue in Bishop v. Bishop
(April 15, 2002), Stark App. No. 2001CA00319, 2002-Ohio-1861:
 {¶ 39} "Civil contempt utilizes a sanction which is imposed to coerce the contemnor to comply with the court's order. Under civil contempt, prison sentences are conditional, i.e., the contemnor is imprisoned until he obeys the court order. "If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil." It is undisputed the contempt in the instant action is civil. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of contempt. "The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as so ordered." The trial court's October 17, 2001 Judgment Entry provides, "[husband] may purge this contempt finding upon his substantial compliance with all court orders and payment of partial Atty fees $350 plus the court costs of this action." Husband argues he has substantially complied with the court's orders as all payments and late fees on the home equity loan were made and the loan was current at the time of the hearing. It is clear when wife filed her motion for contempt husband had not made monthly installments on the home equity loan, however, once the motion was filed, husband made such payments. Had he not, the trial court would have ordered those payments as an additional purge requirement. Because those payments were already made, the trial court allowed husband the opportunity to purge by paying wife's attorney fees as well as court costs. Accordingly, we find the trial court did afford husband an opportunity to purge the contempt."
 {¶ 40} It is clear, appellant had not performed the actions necessary to transfer the Merrill Lynch accounts or one half of the trust account at the time the motion for contempt was filed. Further, he had not transferred the Florida property as ordered. However, by the time of the hearing on the motion for contempt, he alleges he substantially complied with these requirements. As in Bishop, had appellant not performed the required actions, the trial court would have ordered his compliance as an additional purge requirement. Where as here, appellant complied with the necessary orders after the filing of the motion forcontempt, but prior to the hearing, the trial court did not abuse its discretion in requiring appellant pay appellee attorney fees and sanctions in order to purge himself of contempt.
 {¶ 41} Appellant's fourth and fifth assignments of error are sustained, and the issue remanded to the trial court for an evidentiary hearing regarding the amount of attorney fees and costs to be awarded.
 VI {¶ 42} Appellant's final assignment of error asserts the trial court abuse its discretion in not finding appellee guilty of contempt. We disagree.
 {¶ 43} The trial court's May 3, 2004 Judgment Entry holds:
 {¶ 44} "The Plt. is found not guilty of contempt due to inability to pay condo. Expenses based upon Deft's failure to transfer property."
 {¶ 45} As set forth above, our standard of review is abuse of discretion. The trial court's judgment entry finds appellant failed to transfer property, including the Florida condominium. Despite our finding the trial court should not have considered the Florida condo in its finding appellant guilty of contempt, the trial court properly considered the events pertaining to the Florida condo in determining whether appellee should be found in contempt. Accordingly, the trial court did not abuse its discretion in finding appellee was not in contempt of the court's prior order.
 {¶ 46} Appellant's sixth assignment of error is overruled.
 {¶ 47} Based upon the foregoing, the May 3, 2004 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for further proceedings in accordance with the law and this opinion. By: Hoffman, P.J.
Farmer, J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 3, 2004 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for further proceedings in accordance with the law and our opinion. Costs assessed to appellant.