OPINION
{¶ 1} Appellant, Dean Bagnola, and appellee, Bridget Bagnola, were divorced on March 17, 2003 via a judgment entry of divorce. Pursuant to the orders contained therein, appellant was to sign over certain property to appellee. After appellant failed to timely transfer the property, appellee filed a motion for contempt against appellant on January 7, 2004.
 {¶ 2} A hearing was held on May 3, 2004. By judgment entry filed same date, the trial court found appellant in contempt of the March 17, 2003 orders, and sentenced him to thirty days in jail which could be purged if appellant paid appellee $4,592.00 in attorney fees and associated costs.
 {¶ 3} Appellant filed an appeal with this court. This court affirmed the trial court's decision, but reversed the award of attorney fees and costs and remanded the matter for evidentiary hearing on the reasonableness of the award. See, Bagnola v. Bagnola, Stark App. No. 2004CA00151, 2004-Ohio-7286.
 {¶ 4} On January 15, 2005, appellee filed a motion for an award of additional attorney fees. An evidentiary hearing was held on January 26, 2005. By findings of fact, conclusions of law and order filed February 16, 2005, the trial court awarded appellee the $4,592.00 original award plus $1,049.45 in additional fees, $2,629.50 for fees and costs associated with motions to transfer the property per the trial court's orders, $2,981.07 for fees and costs associated with the appeal to this court, and $1,900.00 for fees and costs for the January 26, 2005 hearing. The total award was $13,152.02. However, because appellant had paid the $4,592.00 and there were two errors in the exhibits amounting to $268.00, the trial court reduced the award to $8,292.02.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT ATTORNEY ROCKENFELDER'S OPINION AS TO THE REASONABLENESS OF THE FEES TO BE MORE CREDIBLE."
 II {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT $4,592.00 PLUS ADDITIONAL FEES OF $1,049.45 WERE REASONABLE FEES AND COSTS FOR THE MAY 3, 2004 ORDER AND AWARDING THE SAME TO APPELLEE."
 III {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING REASONABLE COSTS AND FEES IN THE AMOUNT OF $2,629.50 FOR MOTIONS AND ENTRIES TO TRANSFER PROPERTY AND OBTAIN INFORMATION TO TRANSFER PROPERTY."
 IV {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE $2,981.07 FOR FEES AND COSTS FOR REPRESENTATION IN THE APPEAL OF THE MAY 3, 2004 ORDER TO THIS COURT."
 V {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE $1,900.00 FOR FEES AND COSTS FOR THE JANUARY 26, 2005 HEARING."
 VI {¶ 11} "THE TRIAL COURT'S FINDING THAT APPELLEE HAD INCURRED REASONABLE ATTORNEY FEES AND COSTS IN THE TOTAL AMOUNT OF $13,152.02 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II {¶ 12} Appellant claims the trial court erred in accepting the testimony of Attorney Wendy Rockenfelder over the testimony of Attorney Raymond Bules on the reasonableness of the attorney fees charged by appellee's attorney, Thomas Lombardi, and the trial court erred in finding $4,592.00 plus $1,049.45 were reasonable fees and costs on the contempt matter. We agree in part.
 {¶ 13} The decision to accept or reject the testimony of any witness or expert lies within the trial court's sound discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 14} In Finding of Fact No. 14, the trial court found Attorney Rockenfelder's opinion to be more credible "[g]iven the difference in the documents reviewed by these attorneys." While the trial court acknowledged both attorneys were qualified to testify as to attorney fees, the trial court noted, "Attorney Rockenfelder is found to be more informed as to the difficulty and complexity of the case as a result of her review of the numerous Court documents, briefs, correspondence, Judgment Entries and opinion."
 {¶ 15} Upon review, we defer to the trial court's analysis of the testimony on the reasonableness of the fees for the amount of work expended.
 {¶ 16} As for the amount awarded, appellant argues there exists a discrepancy between the hours set forth in Invoice No. 14629 and the hours listed on the daily time sheets. See, Plaintiff's Exhibit 2. Appellant argues the difference equals 6.85 hours or approximately $1,300.00. We concur the hours listed are different on the time sheets versus the invoice. We note there are 4.7 unbilled hours attributable to discussions with the client.
 {¶ 17} From our review, the amount of hours charged in the invoice is 18.55 and the amount of hours listed in the daily time sheets is 14.40, for a difference of 4.15 hours or $788.50.[1] We note none of the discrepancies were pointed out on cross-examination of the comptroller for Mr. Lombardi's firm, Diana Hilton. Ms. Hilton testified the attorneys turn in daily time sheets and then a pre-billing report is prepared which the attorneys edit and review prior to the preparation of the final invoice. January 26, 2005 T. at 20. It is important to note that the uncharged hours exceed the undocumented charged hours. Appellee was not charged and therefore, we will not now impugn those fees to appellant.
 {¶ 18} Upon review, we conclude the amount awarded should be adjusted by $788.50 for the hours billed from January 6, 2004 to March 31, 2004.
 {¶ 19} Appellant also complains of the costs awarded for Federal Express, Gold Star Security, Southern Ohio Legal Services, Hill Court Reporters, Stark County Clerk of Courts and Miller Investigations. Appellant argues there was no testimony as to the veracity of these expenses. We find the docket alone establishes the need for personal process services, as well as the testimony of Robert Skropits, the process server. Appellant purposely alluded and avoided the service of process. Also, the Federal Express charges are substantiated by the record.
 {¶ 20} Upon review, we find the trial court did not err in ordering appellant to pay these costs.
 {¶ 21} Assignment of Error I is denied. Assignment of Error II is granted as to $788.50.
 III, IV, V {¶ 22} In these assignments, appellant challenges the proprietary of the trial court's award of fees and costs outside the contempt proceeding and the remand by this court. We disagree.
 {¶ 23} Under these assignments, we will review the appropriateness of allocating the additional fees and costs. The issues of reasonableness and weight of the evidence will be addressed in Assignment of Error VI.
 {¶ 24} At the commencement of the January 26, 2005 hearing, appellant's counsel acknowledged receipt of the additional motion for fees, and the trial court determined all the motions for fees would be addressed during the hearing. January 26, 2005 T. at 5. Prior R.C.3105.18(H), pertinent to this case, provided for the award of attorney fees as follows:
 {¶ 25} "* * * at any stage of the proceedings including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 26} Appellant argues the trial court failed to make appropriate findings pursuant to the statute. This court previously reviewed the contempt and determined the trial court did not abuse its discretion in awarding fees and costs. The additional fees for preparing the necessary documents to fulfill the trial court's orders, for defending the trial court's contempt order on appeal and for preparing for the evidentiary hearing are ancillary to and arise out of the original contempt hearing a fortiori it is evident that the prosecution of and defending the trial court's contempt finding on appeal and the attorney fees are all the same. Therefore, this court's finding that the trial court did not err in granting attorney fees and costs naturally permits the addition of the subsequent fees. A specific finding under R.C. 3105.18(H) was not necessary.
 {¶ 27} Appellant also argues the amount awarded by the trial court in Finding of Fact No. 16(B) "to transfer property and obtain information to transfer property" does not reflect the correct amount as evidenced by Plaintiff's Exhibits 3 and 4. These exhibits include charges for the transfer of property as ordered by the judgment entry of divorce. All charges were incurred prior to the May 3, 2004 contempt hearing.
 {¶ 28} The March 17, 2003 judgment entry of divorce required each party to pay their own attorney fees, and instructed the attorneys to "prepare any necessary orders, support notices or other legal documents" necessary to effectuate the trial court's orders. See, Decision Nos. 10 and 11. Clearly no activity on transferring the property awarded to appellee was done until December of 2003 by appellee's counsel. Because these fees were referenced in the judgment entry of divorce and appellant did not prepare the documents per the trial court's mandate, we find the trial court did not err in awarding fees and costs associated with the transfers to appellee given appellant's lack of cooperation as evidenced by the docket. Within said docket are motions and judgment entries regarding the transfer of a motor vehicle which could easily have been facilitated by appellant.
 {¶ 29} We conclude the trial court did not err in awarding the complained of fees.
 {¶ 30} Assignments of Error III, IV and V are denied.
 VI {¶ 31} Appellant claims the trial court erred in awarding appellee $13,152.02 in attorney fees.[2] Appellant claims this award is against the manifest weight of the evidence. We agree only as to the amount of $788.50 as discussed in Assignment of Error II.
 {¶ 32} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 33} Upon review, we cannot find that the trial court erred in its award of attorney fees except for our review of the amounts in Assignment of Error II. In reviewing the docket, we find twenty-four entries generated by or on behalf of appellant relating to the contempt, from the January 7, 2004 contempt motion to the May 3, 2004 contempt hearing. Further, the trial court had within its jurisdiction the right to impose the fees and costs discussed in Assignments of Error III, IV and V. Appellant was truly the "architect of his own demise." He failed to obey the trial court's orders in the judgment entry of divorce, and then failed to convince the trial court and this court that he was not in contempt. The burden of these three tiers of litigation rightfully falls on appellant.
 {¶ 34} Assignment of Error V is granted as to $788.50. The award of attorney fees is reduced to $12,095.52. Including the $4,592.00 credit, the remaining balance due appellee as against appellant is $7,503.52.
 {¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed in part and reversed in part. Pursuant to App.R. 12(C), judgment is entered against appellant in the amount of $7,503.52.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed in part and reversed in part. Pursuant to App.R. 12(C), judgment is entered against appellant in the amount of $7,503.52. Costs to appellant.
[1] We take the daily time sheet for February 19, 2004 to reflect 3 hours, not .3. Also, the figures listed do not include the 4.7 unbilled hours.
[2] Actually, $12,884.02 ($13,152.02-$268.00 adjustment); with a $4,592.00 credit for fees already paid by appellant, the remaining balance is $8,292.02.