[Cite as *Bittner v. Bittner*, 2015-Ohio-4707.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DOLORES I. BITTNER | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EDWARD J. BITTNER | : | Case No. 15 CAF 03 0024 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 12-DRB-01-010

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 10, 2015

APPEARANCES:

For Plaintiff-Appellee

JAY D. WAGNER
P.O. Box 576
118 Harding Way West
Galion, OH 44833

For Defendant-Appellant

ROBERT M. OWENS
46 North Sandusky Street, Suite 202
Delaware, OH 43015

For Defendant Ariel Corporation

CHRISTOPHER J. PYCRAFT
225 North Market Street
P.O. Box 599
Wooster, OH 44691

*Farmer, P.J.*

{¶1} Appellant, Edward Bittner, and appellee, Dolores Bittner, were married on July 30, 1983. The parties were divorced via an agreed judgment entry decree of divorce filed on November 6, 2012. The agreed entry divided the parties' retirement and investment accounts which included appellant's profit sharing plan held by his former employer, Ariel Corporation. The division of this account was done via a Qualified Domestic Relations Order (hereinafter "QDRO"). Also, appellant was required to pay appellee spousal support in the amount of $8,000.00 per month for twelve years and college tuition and related expenses for their daughter in the amount of $7,500.00 per term.

{¶2} On August 2, 2013, Ariel Corporation was joined as a party defendant, and was restrained from the "withdrawing, liquidating, taking, distribution from, encumbering, depleting, dissipating, transferring, conveying, or otherwise disposing of or changing the interest" of appellant's profit sharing plan.

{¶3} On October 8, 2013, appellee filed a motion for contempt, claiming appellant failed to pay spousal support and the college obligation pursuant to the agreed judgment entry. Appellee sought funds from appellant's interests in his investments accounts, including the profit sharing account, to satisfy his obligations.

{¶4} A hearing before a magistrate was held on April 14, 2014. By decision filed April 18, 2014, the magistrate found appellant was in arrears on his spousal support obligation in the amount of $60,861.47 and he had not paid on his college obligation. The magistrate ordered Ariel Corporation to allocate $60,861.47 from the profit sharing account to satisfy the arrearage, and to distribute the spousal support

amount, $8,000.00 plus 2% administrative fee, from the profit sharing account each month. The magistrate also ordered appellant to pay appellee $22,000.00 for the unpaid college expenses and $4,602.00 for attorney fees. The decision was silent on a contempt finding.

{¶5} All parties filed objections. A hearing was held on January 23, 2015. By judgment entry filed February 5, 2015, the trial court adopted the magistrate's finding of a $60,861.47 arrearage, and ordered that a supplemental QDRO shall issue to reallocate that amount plus a 2% administrative fee to appellee from the profit sharing account. The trial court found appellant in contempt for failing to pay on his spousal support obligation, and ordered him to serve thirty days in jail subject to purge. The trial court also ordered appellant to pay appellee $4,602.00 for attorney fees. The judgment entry was silent on the issue of the college obligation.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE COURT ERRED AS A MATTER OF LAW BY MODIFYING A DIVISION OF MARITAL ASSETS AFTER THE COURT JOURNALIZED A DIVORCE DECREE."

II

{¶8} "THE COURT ERRED AS A MATTER OF LAW BY ATTACHING EXEMPT FUNDS IN A PENSION ACCOUNT WHERE THE PLAN-PARTICIPANT SPOUSE WAS NOT RECEIVING DISTRIBUTIONS FROM THE ACCOUNT."

III

{¶9}    "THE COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY'S FEES ON THE APPELLEE'S MOTION FOR CONTEMPT."

I

{¶10}  Appellant claims the trial court erred in modifying the division of marital assets post-decree, specifically, in ordering a supplemental QDRO to satisfy the spousal support arrearage.  Appellant claims the trial court did not have jurisdiction to issue such an order.  We disagree.

{¶11}  In its judgment entry filed February 5, 2015, the trial court adopted the magistrate's finding of a spousal support arrearage in the amount of $60,861.47 and ordered the following:

2. The Court further adopts the magistrate's finding that an order issue to Ariel Corporation Employee Retirement Plan allocating the amount of $60,861.47 plus $1,217.22 (which is the 2% administrative fee) for a total amount of $62,078.69.  Counsel for the plaintiff will prepare and submit to the Court for signature and filing an ERISA compliant supplemental Qualified Domestic Relations Order in the amount of $62,078.69 within (30) days from the filing of the Judgment Entry.  The restraining order prohibiting Ariel Corporation from distributing from this plan is dissolved as to this plan and this order only, so as to allow Ariel Corporation to comply with this order.  In all other respects, the restraining order remains in full force and effect.  Since ERISA requires the social

security numbers of the participant and the alternate payee to be a part of a Qualified Domestic Relations Order and the filing of same constitutes a public record in the State of Ohio, for the privacy of the parties, the Court orders this Supplemental Qualified Domestic Relations Order sealed by the clerk of this court, to be unsealed only upon the motion of a party and for good cause and by order of this Court.

{¶12}  In his appellate brief at 3, appellant argues "[b]y ordering a second QDRO in this case, the trial court improperly commingled the issue of spousal support with the issue of marital property" as the "two issues are clearly separated by the statutes that govern them," citing R.C. 3105.171 and 3105.18.

{¶13}  At first impression, it would appear the trial court was without jurisdiction to modify the QDRO post-decree pursuant to R.C. 3105.171(I): "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."  However, the agreed judgment entry decree of divorce filed on November 6, 2012 included the following language under Section 11, Retirement Plans and Accounts:

C. The Ariel Corporation Profit Sharing Plan in Edward's name shall be divided as set forth in this subsection 11.C.  Dolores shall be awarded and shall take, have, and own, free and clear of any claims by Edward, one-half (½) of the balance of the Ariel Corporation Profit Sharing Plan, in

Edward's name, as described herein below. The said balance of the Ariel Corporation Profit Sharing Plan shall include any and all contributions thereto for 2012 that currently are earned (whenever such contributions are paid into the Plan). The division of the Ariel Corporation Profit Sharing Plan shall be made by a proper qualified domestic relations order (QDRO).***Dolores' share of the Ariel Corporation Profit Sharing Plan shall include gains and losses on a *pro rata* basis from the date that the said 2012 contributions are made thereto until the QDRO is approved and implemented or until transfer of Dolores' share therein is completed. Edward shall retain and own, free and clear of any claims by Dolores, all of the remaining rights, title, interest, and benefit to the Ariel Corporation Profit Sharing Plan, *subject, however to the provisions of the following sentences in this 11.C.* After division of the said Ariel Corporation Profit Sharing Plan as provided in this section 11.C., and so long as Edward has an obligation to pay spousal support to Dolores, Edward and Ariel Corporation shall be and are restrained from and shall not permit the withdrawing, liquidating, taking, distributions from, encumbering, depleting, dissipating, transferring, conveying, or otherwise disposing of or changing Edward's (remaining) interest in the said Ariel Corporation Profit Sharing Plan; and, such restraining orders shall remain in full force and effect unless and until released or modified by this Court. This Court shall reserve and retain jurisdiction over Edward's interest in the said Ariel Corporation Profit Sharing Plan to allocate (or re-allocate) all or part of

such interest to Dolores for payment of spousal support herein and, or, to satisfy any unpaid spousal-support obligation of Edward to Dolores. This Court further retains jurisdiction to modify or terminate these restraining orders, for reasons the Court determines, are just and equitable upon motion filed by Edward.

{¶14} This unusual retention of jurisdiction was done by mutual agreement as indicated in the agreed judgment entry decree of divorce. We therefore conclude it was anticipated by the parties that the trial court could exercise jurisdiction on the issue.

{¶15} Upon review, we find the trial court did not err in ordering a supplemental QDRO to satisfy the spousal support arrearage.

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims the trial court erred in ordering an attachment of the profit sharing account when the account was not in payout status. We disagree.

{¶18} Appellant argues R.C. 2329.66 prohibits the "execution, garnishment, attachment or sale" of an exempt retirement savings account. Again, this argument ignores the clear and unequivocal agreement of the parties in their agreed judgment entry decree of divorce filed on November 6, 2012 as cited above

{¶19} Upon review, we find the trial court did not err in ordering an attachment of the profit sharing account.

{¶20} Assignment of Error II is denied.

III

{¶21} Appellant claims the trial court erred in awarding attorney fees. We disagree.

{¶22} As explained by this court in *Dotts v. Schaefer,* 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-782, ¶ 17:

> The resolution of a request for attorney fees is vested in the sound discretion of the trial court and will not be overturned upon review absent a showing of an abuse of discretion. *Bagnola v. Bagnola,* 5th Dist. Stark No. 2004CA00151, 2004-Ohio-7286, ¶ 36. While the trial court has discretion in determining the amount of attorney fees, the court must base its decision on evidence showing the reasonableness of the time spent on the matter and the hourly rate. *Id.* Where the amount of an attorney's time and work is evident to the trier of fact, an award of attorney fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion. *Hawk v. Hawk,* 5th Dist. Tuscarawas No. 2002AP040024, 2002-Ohio-4384, ¶ 28.

{¶23} The trial court found a spousal support arrearage of $60,861.47, found appellant in contempt for failing to pay on his spousal support obligation, and ordered him to pay $4,602.00 for attorney fees. We find the award of attorney fees to be mandated under R.C. 3105.18(G).

{¶24}  Although a hearing on the reasonableness of the fees was never held, appellee submitted the deposition of Stephen F. Tilson, Esq. and a statement of the itemized fees (Plaintiff's Exhibit B).  Attorney Tilson opined the fees were reasonable: "Based upon my understanding of the case and looking at the itemization and having been involved in contempt proceedings before, to me it looks surprisingly low."  Tilson depo. at 10.  Attorney Tilson was subject to cross-examination.  In its judgment entry filed February 5, 2015, the trial court indicated it had reviewed the Tilson deposition.

{¶25}  Upon review, we find the trial court did not err in awarding the requested attorney fees to appellee.

{¶26}  Assignment of Error III is denied.

{¶27}  The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 923