[Cite as *Kehoe v. Kehoe*, 2013-Ohio-4907.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99404**

## MAURA A. KEHOE

PLAINTIFF-APPELLEE

vs.

## ROBERT D. KEHOE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CP-D-328835

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**FOR APPELLANT**

Robert D. Kehoe
Kehoe & Associates, L.L.C.
900 Baker Building
1940 East Sixth Street
Cleveland, OH    44114

**FOR APPELLEE**

Maura A. Kehoe
2991 Edgehill Road
Cleveland Heights, OH    44118

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Robert D. Kehoe appeals the judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, following this court's remand which affirmed, in part, and reversed, in part, the trial court's original divorce decree. For the following reasons, we affirm the judgment of the trial court.

{¶2} The underlying facts and procedural posture of this case was set forth by this court in *Kehoe v. Kehoe*, 8th Dist. Cuyahoga No. 99404, 2012-Ohio-3357, 974 N.E.2d 1229 ("*Kehoe I*"):

> Appellant and appellee [Maura A. Kehoe] were married on July 24, 1982 and had three children, all of whom are currently emancipated. Appellant is an attorney; his company is Kehoe & Associates, LLC, which he formed in 2004.
>
> Appellee worked as an administrative assistant at several firms prior to staying at home to raise the children. She has degrees from Marymount and Ursuline Colleges. During the children's teenage years, appellee taught tennis and most recently, worked as a sales assistant at an antiques store.
>
> On November 6, 2009, appellee filed a complaint for divorce, appellant counterclaimed, and significant motion practice followed. Subsequently, the action was tried on April 11, 12, 13, 14, and 15, 2011, and July 5 and 6, 2011.
>
> ***
>
> Ultimately, the trial court awarded appellee $3,000 per month in spousal support for ten years, health insurance, and awarded attorney fees of $40,000, plus the cost of a financial expert in the amount of $17,510. In addition, the trial court ordered appellant to pay all expenses of the marital residence until it was sold.

*Id.* at ¶ 3-6.

{¶3} In *Kehoe I*, appellant appealed the trial court's division of property,

apportionment of the debt obligations and spousal support awarded to appellee. We held that the trial court erred in failing to distribute $30,000 to appellant as separate interest in the marital residence, failing to treat education loans incurred during the marriage as marital debt, making the spousal support obligation binding on appellant's estate and reaching an inequitable result in its award of spousal support and attorney's fees. We remanded solely for the purpose of allowing the trial court to correct these errors and "achieve a more equitable result" in regards to the spousal support and attorney fee awards. *Id*. at ¶ 29, 39.

{¶4} On remand the trial court partially vacated the earlier divorce decree. The court recognized appellant's $30,000 separate interest in the marital residence, ordered education loans incurred during the marriage to be treated as marital debt and reduced the $40,000 award of attorney fees along with a $17,510 award for appellee's financial expert to a single $35,000 award for attorney fees and litigation expenses to be paid in monthly increments of $200. The trial court ordered appellant to be responsible for the mortgage, insurance, taxes and utilities associated with the marital home and ordered the home to be listed for sale within 30 days. The court froze any spousal support obligations until the residence is sold. The trial court further reduced the spousal support to $2,500 per month and ordered such support to terminate upon the death of either party, appellee's cohabitation with an unrelated male as if married or the expiration of ten years. Appellant appeals from this judgment asserting four assignments of error.

**{¶5}** Appellant's first assignment of error states:

The trial court erred by failing to abide by the Eighth District Court of Appeal's decision rendered July 26, 2012 reversing and remanding the judgment entry filed in this case on September 6, 2011.

**{¶6}** As a general rule, appellate courts review the propriety of a trial court's determination in a domestic relations case for an abuse of discretion. *Gray v. Gray*, 8th Dist. Cuyahoga No. 95532, 2011-Ohio-4091, ¶ 7, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Abuse of discretion is more than simply an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶7}** The arguments presented in appellant's first assignment of error are largely redundant with the specific arguments he presents in his second, third and fourth assignments of error. We note, however, that throughout all of his arguments appellant repeatedly raises issues concerning evidentiary rulings rendered by the trial court at trial. Our decision in *Kehoe I* only reversed the trial court's divorce decree *in part* and our remand was limited as described above. We did not reverse any of the trial court's evidentiary rulings excluding testimony or evidence and aside from correcting the above errors, the mandate to the trial court was only to re-evaluate the evidence to reach a more equitable result on the spousal support and attorney fee awards. Appellant's arguments regarding evidentiary rulings made at trial are well beyond the scope of the present appeal and res judicata at this late stage.

{¶8}  Furthermore, appellant argues that the trial court erred in failing to recalculate the yearly income it attributed to both appellant and appellee in the original divorce decree as part of our remand to re-evaluate the evidence and reach a more equitable result.  Appellant misunderstands our holding in *Kehoe I*.  In the original divorce decree the trial court found appellant's income to be $120,000 per year and appellee's  income to be $24,000 per year.  Contrary to appellant's arguments, our decision in *Kehoe I* did not find the trial court's income finding to be an abuse of discretion.  In fact, *Kehoe I* did not address appellee's income at all.  Instead, we reversed the spousal support award because even with the $120,000 yearly income figure attributed to appellant, the total obligations imposed on him by the first divorce decree exceeded his ability to pay in the first year by more than $50,000. *Kehoe I* at ¶ 28.   We concluded that, "[a]s such, an equitable result has not been reached [and] appellant will not be able to comply with the order."   *Kehoe I* at ¶ 28.   *Kehoe I* did not remand for the trial court to reconsider its findings on the income of appellant or appellee, but rather to reconsider the obligations imposed in light of those income findings.   Appellant's arguments to the contrary are overruled.

{¶9}   Appellant's second assignment of error states:

The trial court erred by failing to allocate the parties' marital debts in a manner consistent with R.C. 3105.171 by ordering husband to [pay] more than one half the debts, including income taxes, and other business and personal debts incurred during the marriage when such debts are incurred for the direct benefit of the parties and their children.

{¶10} Appellant presents arguments within this assignment of error regarding

marital property issues that were outside the scope of our limited remand following *Kehoe I* and, again, involve evidentiary rulings from trial. Those arguments are overruled.

{¶11} On remand the trial court followed our mandate in *Kehoe I* and treated certain educational loans for the benefit of the parties' daughter as marital debt as this debt was incurred during the course of the marriage.[1] The trial court divided the educational loan debt between the parties ordering appellant to pay 75% and appellee to pay 25%. Relying on the income findings from the orginal divorce decree, which again, were not found to be an abuse of discretion in *Kehoe I*, the trial court stated that such division was reasonable in light of the disparity of income between the parties. Appellant fails to advance an argument or provide any citation to authority to support his bare assertion that the trial court's division of the educational debt was inequitable or in violation of R.C. 3105.171(C)(1). Since appellant has offered no substantive argument on this issue, we find that appellant has failed to demonstrate an abuse of discretion by the trial court in regards to the division of the educational debt.

{¶12} Appellant's third assignment of error states:

> The trial court erred by disregarding the factors in R.C. 3105.18 and awarding wife an unreasonable and inappropriate amount of spousal support when it failed to consider revenue from property division, wife's

---

[1]Appellant additionally raises the issue of certain student loans associated with the parties' son, who began college after appellee filed for divorce. This court noted in *Kehoe I* that appellant was not requesting any assistance from appellee with loans taken out after the divorce action was initiated and such loans were not within the confines of our limited remand. As such, they are outside the scope of this appeal.

full earning capacity, and ordered husband to pay health insurance, mortgage and all other expenses related to the marital home, income taxes and other personal and business debts and expenses in amounts that exceed his annual income by at least $170,000, thereby rendering husband insolvent and unable to pay his basic living expenses.

**{¶13}** In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1)(a)-(n). *Deacon v. Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, ¶ 57, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988), paragraph one of the syllabus. The goal of spousal support is to reach an equitable result. *Id*. at 96. While there is no set mathematical formula to reach this goal, the Ohio Supreme Court requires the trial court to consider all 14 factors of R.C. 3105.18(C) and "not base its determination upon any one of those factors taken in isolation." *Id*.

**{¶14}** In *Kehoe I,* we noted that appellant's obligations exceeded his ability to pay during the first year after the divorce decree. We noted that, per the original decree, appellant was obligated to pay $40,000 towards appellee's attorney fees, $17,510 towards appellee's financial expert, spousal support of $36,000, health care costs of roughly $37,764 and mortgage costs of $37,800. These obligations totalled $169,074 and well exceeded appellant's yearly income of $120,000. As such, we concluded that an equitable result had not been reached and remanded to the trial court to reevaluate and achieve a more equitable result.

**{¶15}** We find that the trial court did reach an equitable result on remand. Per

the trial court's new order, appellant is obligated to pay $3,150 per month towards the mortgage of the marital home until it is sold. Appellant's spousal support obligation is not triggered until the home is sold. At that point appellant's mortgage obligation is replaced with $2,500 per month in spousal support. In addition, appellant has monthly obligations of $200 towards appellee's attorney fees and litigation expenses and up to $1000 towards health care for appellee. This translates to a year-long obligation of $52,200 until the marital home is sold and $44,400 after the home is sold. We find no abuse of discretion in the trial court's modification of spousal support.

{¶16} Appellant's third assignment of error is overruled.

{¶17} Appellant's fourth assignment of error states:

The trial court erred by ordering husband to pay wife's attorney fees when wife also received more than one-half of net marital assets and the financial obligations imposed by the trial court exceed husband's entire net income, therefore rendering the order inequitable and without basis under R.C. 3105.73.

{¶18} An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 26.

{¶19} Our concern in *Kehoe I* regarding the trial court's award of attorney fees stemmed from the impractical obligations the original divorce decree cumulatively imposed upon appellant. As addressed in the third assignment of error, this concern no longer exists. Furthermore, we note that the trial court significantly decreased appellant's obligations in regards to fees and expenses. In the original decree, appellant

was obligated to pay $40,000 in appellee's attorney fees and $17,510 for appellee's financial expert. In the order following our remand, the trial court reduced these obligations to a single award of $35,000 payable in monthly increments of $200. We find no abuse of discretion in the trial court's order.

**{¶20}** Appellant's fourth assignment of error is overruled.

**{¶21}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR