[Cite as *Morgan v. Morgan*, 2016-Ohio-104.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   102498

## BARBARA A. MORGAN

PLAINTIFF-APPELLEE

vs.

## MELVIN MORGAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-331959

**BEFORE:**   Boyle, J., Jones, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   January 14, 2016

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Carolyn Soeder
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza
5th Floor
Cleveland, Ohio    44114


**ATTORNEY FOR APPELLEE**

Brent L. English
Law Offices of Brent L. English
The 820 Building, 9th Floor
820 Superior Avenue, West
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Melvin Morgan, appeals from the trial court's decision denying his post-decree motion to modify division of property order. Finding no merit to the appeal, we affirm.

## A. Procedural History and Facts

{¶2} Melvin and plaintiff-appellee, Barbara Morgan, were divorced on March 7, 2013. Eight days later, the court issued a division of property order ("DOPO") regarding the division of Melvin's Ohio Police and Fire Pension Fund ("OPFPF") pension, which had been preapproved and signed by counsel for both parties. On May 20, 2013, the court docketed notice from the OPFPF accepting the DOPO and its determination "that the [DOPO] meets the requirements of the Ohio Revised Codes Sections 3105.80 to 3105.90."

{¶3} On June 30, 2014, 13 months after the OPFPF accepted the DOPO, Melvin filed a "motion to modify division of property order." In support of his motion, Melvin attached his own affidavit, averring that he has "learned" that the DOPO is "inaccurate and needs to be modified." According to Melvin's affidavit, "he had discussion with officials at the Ohio Police and Firefighters Pension Fund which had indicated to him that there are numerous error [sic] in the calculation of the monthly pension amount, periodic payments amount and lump sum benefit." Melvin specifically requested that the trial court modify the DOPO to be "consistent with the parties' previous agreement."

**{¶4}** The trial court subsequently denied Melvin's motion, stating, among other things, the following:

> Defendant's Motion and Affidavit do not, however, point the Court to specific errors in the DOPO or identify any inconsistency between the DOPO and the parties' previous agreement (presumably, this refers to the Separation Agreement incorporated into the final decree). Defendant's hearsay statements are inadmissible, and his conclusory statements are unpersuasive.

**{¶5}** From this order, Melvin now appeals, raising the following single assignment of error:

> The trial court erred and/or abused its discretion by failing to grant the appellant, Melvin R. Morgan's motion to modify division of property order.

## B. Law and Analysis

**{¶6}** Initially, we note that both the DOPO and the parties' separation agreement adopted by the court expressly provided for the trial court's continuing jurisdiction over the underlying matter. *See Cameron v. Cameron*, 10th Dist. Franklin No. 12AP-349, 2012-Ohio-6258, ¶ 10, citing R.C. 3105.171(I) ("After a trial court issues a divorce decree, it lacks jurisdiction to modify or amend the marital property division, including the division of a pension fund, unless the decree expressly reserves jurisdiction or the parties expressly consent in writing to the modification."). Here, there is no dispute over the trial court's subject matter jurisdiction to consider and rule upon Melvin's motion. Rather, the sole issue on appeal is whether the trial court abused its discretion in denying Melvin's motion. *See Rice v. Rice*, 8th Dist. Cuyahoga No. 95221, 2011-Ohio-1366, ¶ 5 ("Appellate review of the domestic relations court's judgment is subject to the abuse of

discretion standard.").

{¶7} In order for there to be an abuse of discretion, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather passion or bias. *Lemke v. Lemke*, 8th Dist. Cuyahoga No. 94557, 2011-Ohio-457, ¶ 57, citing *Kaiser v. Kaiser*, 8th Dist. Cuyahoga No. 81346, 2003-Ohio-1343, ¶ 10. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} Based on the record before us, we cannot say that the trial court abused its discretion. As noted by the trial court, Melvin's motion failed to specifically identify any error or inconsistency between the DOPO and the parties' previous agreement. Instead, Melvin relied solely on conclusory statements. Even on appeal, Melvin offers no argument as to how the DOPO fails to "conform with the parties' agreement as set forth in the Judgment Entry of Divorce."

{¶9} As for Melvin's claim that the trial court abused its discretion by not holding a hearing on his motion, he offers no legal authority in support of his claim. *See* App.R. 16(A)(7) (rule places an affirmative duty on appellant to provide reasoning in support of an assignment of error with "citations to the authorities, statutes, and parts of the record on which appellant relies"). Further, Melvin never requested an evidentiary hearing. Ohio courts have consistently recognized that a trial court does not abuse its

discretion in not conducting a hearing when the movant never requested one.  *See, e.g., Bagnola v. Bagnola*, 5th Dist. Stark No. 2004CA00151, 2004-Ohio-7286 (rejecting appellant's claim that the trial court abused its discretion in finding appellant in contempt without conducting an evidentiary hearing when "appellant failed to properly and specifically request" a hearing); *Barton v. Barton*, 10th Dist. Franklin No. 96APF11-1526, 1997 Ohio App. LEXIS 2429 (June 3, 1997), citing Civ.R. 7(B)(2) (recognizing that there was "no requirement that the trial court hold an oral hearing," especially since appellant "never requested any further 'hearing,' oral or otherwise").

{¶10} We likewise do not find any merit to Melvin's claim that "he did not request a hearing because hearings were already scheduled."  The record reflects that the parties appeared for hearings before the magistrate for six days, beginning on May 12, 2014, and concluding on August 27, 2014, on the parties' motions to show cause and for attorney fees, as well as Melvin's motion to modify life insurance provisions.  The record further reflects that at the May 13, 2014 hearing, Melvin's counsel first mentioned that his "client has been informed by QDRO consultants that the DOPO is not accurate and has to be redone prior to retirement * * *."  Melvin's counsel then indicated that he would file a "civil motion on the DOPO so that we can get everything resolved."  Although Melvin filed his motion on June 30, 2014, he never requested a hearing nor did he raise the same argument that he raises now on appeal, namely, that the parties mutually agree that the DOPO is wrong and needs to be corrected.  Notably, Melvin's motion was never referred to the magistrate for hearing.  And while Melvin clearly believed that the matter

would be set for a hearing, we find no abuse of discretion in the trial court's denial of a motion without a hearing. Melvin simply failed to present any grounds to support the need for a hearing based on his poorly drafted motion.

{¶11} Our holding today, however, does not prevent either party from filing a properly supported motion or requesting a hearing on alleged issues with the DOPO. As noted above, the trial court expressly retained jurisdiction over the DOPO, as agreed by the parties, "to modify, supervise, or enforce the implementation." Additionally, the trial court has continuing jurisdiction over the separation agreement "to effectuate the original intent of the parties." We find no jurisdictional impediment to the trial court correcting any alleged errors in the DOPO if such errors exist.

{¶12} The sole assignment of error is overruled.

{¶13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LARRY A. JONES, SR., A.J., and
PATRICIA ANN BLACKMON, J., CONCUR